# Rawls *v.* Matthews.

## Action for Rent.

(Decided Nov. 16, 1911.  56 South. 749.)

*Landlord and Tenant; Rent; Complaint.*—On demurrer it must be held that it did not appear from the complaint that the individual defendant was the person or firm, who made the contract with the plaintiff to rent the premises, and hence the complaint was bad, it alleging that the store house and lot were rented to the Enterprise Jewelry Company, that the individual defendant did a jewelry business upon the premises under the name of the Enterprise Jewelry Co., and that he entered into the possession of the premises and paid the rent for several months.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Mrs. C. A. Mathews against J. Rawls. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is as follows: "Plaintiff claims of the defendant the sum of $175 for rent of one storehouse and lot in the town of Enterprise for the months of February, March, April, May, June, July, and August, 1908. Plaintiff avers that said storehouse and lot were rented to the said Enterprise Jewelry Company for the term of 12 months, beginning the 1st day of September, 1907, and that the said rent was due and payable in the sum of $25 per month at the end of each month for the tearm of 12 months. Plaintiff avers that the defendant entered into the possession of said premises, and has paid all the rents as herein claimed, and that the defendant did a jewelry business in said presimes under the name and style of the Enterprise Jewelry Company. Plaintiff claims interest from the time each month's rent was due to day of trial." The demurrer was that it does not appear from the complaint that the defend-

20 CA

[Rawls v. Matthews.]

ant made a contract with plaintiff to rent, or pay rent on any storehouse, and no facts are alleged in the complaint to show that defendant became otherwise obligated to pay plaintiff any sum as rent of a storehouse.

H. L. MARTIN, for appellant. Counsel discuss assignments of error relative to the action of the court on the pleading and insist that the court was in error in overruling the demurrer, but without citation of authority. The counsel also discusses other assignments of error with citation of authority but in view of what is said in the opinion, it is not deemed necessary to here· set them out.

C. W. SIMMONS, for appellee. No brief came to the Reporter.

WALKER, J. J.—We are of opinion that the complaint in this case is subject to the demurrer which was interposed to it. It undertakes to charge the defendant with liability on a contract for the rent of a storehouse. Its averment that "the storehouse and lot were rented to the Enterprise Jewelry Company" would be sustained by proof of a contract to that effect entered into under that name by some person, firm, or corporation other than the defendant. The subsequent averment that the defendant "did a jewelry business in said premises under the name and style of the Enterprise Jewelry Company" does not identify the defendant as the maker of the contract previously alleged, as that averment could be sustained by proof that the defendant so did business in the storehouse after it had been rented by another party under the name mentioned. The complaint does not show that the defendant was a party to or liable on the contract counted on.

Reversed and remanded.